J. P. CONNER V. JOHN G. SCHRICKER ET AL.

FILED NOVEMBER 8, 1894.    No. 5297.

**Landlord and Tenant:** LEASE: CHANGE OF CONTRACT.    A,
the owner of land, demised the same to B, reserving as rent one-
fourth of the crops ; B sublet a portion of the premises to C for
a money rent; C paid a portion of the rent to B and thereafter
paid the remainder to B's administratrix.    The administratrix
paid the latter sum to A, who accepted the same.    *Held,* That
the payment to, and acceptance by, A of the money operated as
a relinquishment of any interest he might have had in the crop
raised on the land sublet to C, and evidenced a new contract
between A and B's administratrix, whereby as to this land a
money payment was to be received in lieu of rent in kind.

ERROR from the district court of Boone county.    Tried
below before HARRISON, J.

*Charles Riley,* for plaintiff in error.

*N. C. Pratt* and *F. S. Howell, contra.*

IRVINE, C.

Conner sued John G. Schricker, John Schricker, Will-
iam Schricker, and Otto Schricker, alleging that Conner
was the owner in fee of certain land in Boone county ; that
on December 20, 1889, he leased said land to one Ward,
and that by the terms of the said lease Ward agreed to de-
liver as rent to Conner at Albion one-quarter of the crops
to be raised on the premises during the year 1890 ; that
thereafter Ward orally assigned his interest in a portion of

the premises to the defendants, they having notice of the lease from Conner to Ward and of its terms; that the defendants entered on said premises and raised thereon certain crops; that they have refused to deliver to the plaintiff any portion of said crops and have converted Conner's share thereof to their own use, wherefore Conner prayed judgment for the value of one quarter of the crop. John G. Schricker, John Schricker, and Otto Schricker answered by a general denial. William Schricker admitted Conner's ownership of the land, the lease to Ward, and its terms as alleged in the petition, and denied the other averments of the petition. He further answered that in April he subleased a portion of the premises from Ward until January 1, 1891, and agreed to pay Ward the sum of $1 per acre as rent; that prior to the commencement of the action he had paid Ward $28.75, and thereafter, and still prior to the action, had paid to the administratrix of Ward $28.25, the two sums constituting the full rent reserved in the lease from Ward. There was a reply to this answer in the nature of a general denial. At the conclusion of the evidence the court, at the request of the defendants, granted a peremptory instruction to find in their favor. The giving of this instruction and the refusal of instructions requested by the plaintiff submitting certain issues to the jury are the only errors presented by the briefs. As to all the defendants, except William Schricker, there can be no doubt of the correctness of the instruction, as there is no evidence tending to establish any connection between them and the acts complained of.

The case of William Schricker presents a different aspect. It was stipulated that William Schricker had leased fifty-seven acres of Conner's land from Ward, knowing of Ward's tenancy; that Conner had no knowledge of the lease between Ward and Schricker until the latter had raised a crop; that one-quarter of the value of the crop raised by Schricker would be $84.37; that Schricker paid

a portion of the rent agreed upon between himself and Ward to Ward, and that the remainder thereof, amounting to $28.25, Schricker paid to the administratrix of Ward, and the administratrix paid it to the plaintiff. The discussion in the briefs turns mainly upon the questions whether the contract with Schricker was an assignment or subletting, and whether Conner had a vested interest in the crop. We cannot regard either of these questions as necessary to a decision of the case. If the lease from Conner to Ward was not of such a character as to make the parties thereto tenants in common of the crop, then this action could not be maintained whether Schricker was assignee of a portion of the land or a subtenant. Unless such a co-tenany existed, Ward was not, until division, the owner of any portion of the crop and could not maintain trover against any one therefor. It would only be in case such a co-tenancy existed between Ward and Conner that the latter could maintain trover against either Ward or a stranger converting the crop. Let us assume then that by the lease between Conner and Ward the former did become the owner of a one-quarter interest in all the crops which might be raised on the land during Ward's term, and that such relation would continue between Conner and Schricker. In such case Conner might, if he saw fit, ignore any contract made between Ward and Schricker and enforce against Schricker his interest in the crop; but it was equally within Conner's power to ratify the contract between Ward and Schricker, which contemplated the payment of a cash rent instead of a rent in kind, and by a novation with Ward or his representative lose his interest in the crop and substitute therefor a money demand against Ward or his representative. This, we think, he did when he accepted from Ward's administratrix the money paid by Schricker to the administratrix. Just what the terms of this novation were and what rights were created thereby as between Conner and the administratrix we need not determine.

They are not involved in this case.   It is plain, however, that a landlord in such čase cannot accept from his tenant money in lieu of a rent in kind or undivided interest in a crop, and at the same time seek to establish such interest in the crop or his right to the rent in kind against either this tenant or another. . .We regard his acceptance of the money as an abandonment of his claim to the portion of the crop raised on Schricker's land and as evidencing a new contract for rent as to that portion of the land.   It. follows, then, that the plaintiff was not in any view entitled to recover ·from Schricker and that the judgment of the district court was right.

AFFIRMED.

HARRISON, J., not sitting.